NOTE. See Cullum v. Bevans, 6 Har. & J. 469. See, also, Burnley v. Lambert, 1 Wash. 308, where the court of appeals of Virginia say: "But if an execution issue against the goods of A, and the sheriff seize and sell the property of B, will it be said that this is done by lawful authority? Surely not." See, also, D'Wolf v. Harris [Case No. 4,221]. Since the above opinion was delivered, the supreme court of New Jersey has decided in the same way, at May term, 1830, in the case of Bruen v. Ogden [6 Hal. 370], which was replevin by a third person against the United States marshal of the district of New Jersey, for the plaintiff's goods taken in execution for a debt due by the defendant in the execution; which was issued out of the district court of the United States for that district. This matter being pleaded by the defendant in replevin, in the state court, the plaintiff demurred, and the court held that, as the plea contained no averment that the vessel taken in execution, was the property of the debtor, or seized in his possession; and as the goods of a person in his actual or constructive possession, if seized under color of an execution against another person, are replevisable, the matters set forth in the plea were no bar to the action; and that the cause of action, as exhibited in the declaration and plea, was within the jurisdiction of the state court, and not within the exclusive jurisdiction of the courts of the United States. See the National Gazette of Thursday, 27 May, 1830. See, also, Buffington v. Gerrish, 15 Mass. 156, replevin of goods attached.

In this case of Williamson v. Ringgold, after the motion to quash the replevin was overruled, the cause came on for trial, at the same term, (May 19, 1830,) upon the plea of property in the defendant; "without that, that the property was in the plaintiff;" upon which traverse the issue was joined. The court decided that the affirmative was on the plaintiff to prove his property in the goods, and, at the prayer of the defendant's counsel, instructed the jury, that the bill of sale from Wells under which the plaintiff claimed title, was fraudulent as to Carberry, the creditor of Wells, the defendant in the execution, unless the possession accompanied the bill of sale and continued in Williamson the vendee.

Verdict for defendant.

---

## Case No. 17,756.

### WILLIAMSON et al. v. SUYDAM.

[4 Blatchf. 323.] [1]

Circuit Court, S. D. New York. May 20, 1859.

CASE MADE—CHANGE TO BILL OF EXCEPTIONS.

Where, on a trial, in an action at law, a verdict was given for the plaintiff, subject to the opinion of the court on a case to be made, and a case was then made containing the questions of law, and a reservation to either party, of the right, after the decision of the court on the case, to turn the case into a bill of exceptions,

and a motion for a new trial was then denied, and judgment entered for the plaintiff, and the defendant then sued out a writ of error to the supreme court, but, through inadvertence, the case was annexed to the record without changing it into the form of a bill of exceptions, and neither party observed the defect, and the case was argued in the supreme court on its merits, but that court noticed the defect and affirmed the judgment below, because there was no bill of exceptions and no error on the face of the record, this court afterwards allowed the defendant to turn the case into a bill of exceptions, on payment of the costs in the supreme court.

[Distinguished in Herbert v. Butler, Case No. 6,397.]

This was a motion, in an action of ejectment, to allow the defendant [James H. Suydam] to turn into a bill of exceptions a case which had been made setting out the exceptions taken by him on the trial. The verdict was for the plaintiffs [William H. Williamson and others], subject to the opinion of the court, on a case to be made. A case was made, containing the questions of law, and a reservation to either party of the right, after the decision of the court on the case, to turn the case into a bill of exceptions or a special verdict. The court denied the motion for a new trial on the case, and judgment was entered for the plaintiffs. The defendant then sued out a writ of error to the supreme court, but, through inadvertence, the case was annexed to the record, without changing it into the form of a bill of exceptions. The cause was argued in the supreme court on the real questions involved, and no notice was taken by the counsel for either party of the irregularity in the form of the record; but the supreme court felt bound to notice the defect (see Suydam v. Williamson, 20 How. [61 U. S.] 427); and the judgment of this court was affirmed, because there was no bill of exceptions, and no error on the face of the record, without the expression of any opinion by the supreme court on the real merits involved in the case. The defendant then made this motion, so as to be in a position to sue out another writ of error.

David Dudley Field, for plaintiffs.
N. Dane Ellingwood, for defendant.

NELSON, Circuit Justice. The questions involved in this case are deemed very important to the rights of the defendant, and have become interesting, for the reason that the decisions of the highest courts of New York are in direct conflict with the ruling made in this case at the trial. As the omission to change the case into a bill of exceptions was an inadvertence, and was, apparently, not discovered by the counsel for either party, and as both parties supposed that the questions were properly raised on the record, I am inclined to grant the motion, but it must be on payment of the costs in the supreme court.

[NOTE. Another writ of error was sued out, and the judgment reversed. 24 How. (65 U. S.)

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

427. Subsequent proceedings were had, in which judgment was rendered for defendant, and plaintiffs sued out another writ of error, when the supreme court affirmed the judgment of the circuit court. 6 Wall (73 U. S.) 723.]